DAN SIEGEL, SBN 56400
EMILYROSE JOHNS, SBN 294319
SIEGEL & YEE
499 14th Street, Suite 300
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698

Attorneys for Plaintiffs
I.A. and C.S.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.A. and C.S., the minor children of YUVETTE HENDERSON, deceased, by CRAIG SALMOND, as guardian ad litem,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF EMERYVILLE; MICHELLE SHEPHERD, individually and in her official capacity as a police officer for the City of Emeryville; and WARREN WILLIAMS, individually and in his official capacity as a police officer for the City of Emeryville; JACORA HENDERSON; DENISE HENDERSON; JOSHUA Last Name Unknown; and SHEREE Last Name Unknown,<br><br>Defendants. | Case No. 4:15-cv-04973-DMR<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(Civil Rights)**<br><br>**Demand for Jury Trial** |

CRAIG SALMOND, as guardian ad litem for I.A. and C.S., the minor children of YUVETTE HENDERSON, deceased, brings this combined survival action on behalf of YUVETTE HENDERSON and wrongful death action. Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1331 (claims arising under the U.S. Constitution) and § 1343(a)(3) (claims brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the U.S. Constitution).

2. The state law claims in this action are so related to claims in the action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. The Court's jurisdiction over these claims is invoked under 28 U.S.C. § 1367.

3. Venue is proper in the United State District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(1) because the defendants are located in the Northern District of California and § 1391(b)(2) because all of the acts and/or omissions complained of herein occurred within the Northern District of California.

## PARTIES

4. At all times relevant hereto, plaintiffs I.A. and C.S. were the minor children of YUVETTE HENDERSON.

5. At all times relevant hereto, defendant CITY OF EMERYVILLE was a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, defendant CITY OF EMERYVILLE operates the Emeryville Police Department and employs police officers.

6. At all times relevant hereto, defendant MICHELLE SHEPHERD was a police officer employed by the Emeryville Police Department in the City of Emeryville.

1  She is sued individually and in her official capacity as a police officer for the City of
2  Emeryville.
3      7.   At all times relevant hereto, defendant WARREN WILLIAMS was a police
4  officer employed by the Emeryville Police Department in the City of Emeryville. He is
5  sued individually and in his official capacity as a police officer for the City of Emeryville.
6      8.   At all times relevant hereto, defendant JACORA HENDERSON was the
7  adult daughter of YUVETTE HENDERSON. Ms. Henderson's consent to be joined as a
8  plaintiff in this case could not be obtained because her whereabouts are unknown.
9      9.   At all times relevant hereto, defendant DENISE HENDERSON was the
10 adult daughter of YUVETTE HENDERSON. Ms. Henderson's consent to be joined as a
11 plaintiff in this case could not be obtained because her whereabouts are unknown.
12     10.  At all times relevant hereto, defendant JOSHUA Last Name Unknown was
13 the son of YUVETTE HENDERSON. His consent to be joined as a plaintiff in this case
14 could not be obtained because his whereabouts are unknown. His last name is
15 unknown because remaining family members are unaware of his surname, and efforts
16 to discover his surname have been unsuccessful.
17     11.  At all times relevant hereto, defendant SHEREE Last Name Unknown was
18 the daughter of YUVETTE HENDERSON. Her consent to be joined as a plaintiff in this
19 case could not be obtained because her whereabouts are unknown. Her last name is
20 unknown because remaining family members are unaware of her surname, and efforts
21 to discover her surname have been unsuccessful.

### STATEMENT OF FACTS

22     12.  Decedent YUVETTE HENDERSON was a 38-year-old mother of six who
23 resided in Oakland, California.
24     13.  On February 3, 2015, at approximately 12:35 p.m., Ms. HENDERSON was
25 shopping at The Home Depot, located at 3838 Hollis Street, Emeryville.
26     14.  While Ms. Henderson was shopping, a Home Depot security guard

1  detained her on suspicion of shoplifting.

2      15.    The security guard called 9-1-1 while Ms. HENDERSON waited on the sidewalk outside the store.  He reported that a crime might have been committed and requested police assistance.

    16.    While the security guard was on the phone with the emergency dispatcher, Ms. HENDERSON suffered a fall and hit her head.

    17.    She requested medical attention, which the security guard relayed to the emergency dispatcher.

    18.    The emergency dispatcher called for emergency medical services to respond to The Home Depot to assist Ms. HENDERSON.

    19.    Ms. HENDERSON then left the sidewalk. She walked west to Hollis Street and then south along Hollis Street until she reached the Extra Space Storage facility located at 3406 Hollis Street, Emeryville.

    20.    The Home Depot security guard reported to the emergency dispatcher that Ms. HENDERSON had a gun, which he described as a "black revolver."

    21.    Police officers from defendant the CITY OF EMERYVILLE responded to the scene.

    22.    Defendants MICHELLE SHEPHERD and WARREN WILLIAMS, officers with the Emeryville Police Department, encountered Ms. HENDERSON at the Extra Space Storage.

    23.    Upon encountering Ms. HENDERSON, defendants MICHELLE SHEPHERD and WARREN WILLIAMS raised their service-issued firearms, including an AR-15 assault rifle, and aimed them at Ms. HENDERSON.

    24.    Making no attempt to take her into custody peacefully and with no regard for her known head injury, defendants MICHELLE SHEPHERD and WARREN WILLIAMS fired multiple shots at Ms. HENDERSON. She was struck in multiple locations, including her head and back, causing her death.

25. Ms. HENDERSON was not facing the officers nor did she have a weapon raised at them when defendants MICHELLE SHEPHERD and WARREN WILLIAMS discharged their firearms.

26. Ms. HENDERSON was pronounced dead at 12:41 p.m. The Alameda County Coroner determined her manner and cause of death to be homicide by multiple bullet wounds.

27. Upon information and belief, defendants MICHELLE SHEPHERD and WARREN WILLIAMS remain employed by the Emeryville Police Department.

### EXHAUSTION OF ADMINISTRATIVE RELIEF

28. Plaintiffs filed a claim regarding the matters asserted herein with the CITY OF EMERYVILLE under the California Government Tort Claims Act on June 26, 2015. The CITY OF EMERYVILLE denied their claim on July 21, 2015.

### FIRST CLAIM FOR RELIEF
### USE OF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT
(By all plaintiffs as successors-in-interest to decedent YUVETTE HENDERSON against defendants MICHELLE SHEPHERD and WARREN WILLIAMS, individually and in their official capacities as police officers for the CITY OF EMERYVILLE)
(42 U.S.C. § 1983)

29. Plaintiffs incorporate by reference paragraphs 1 through 28 above as though fully set forth herein.

30. By virtue of the foregoing, defendants MICHELLE SHEPHERD and WARREN WILLIAMS acted under color of law when they engaged in the extrajudicial killing of decedent YUVETTE HENDERSON without lawful justification and deprived decedent of her right under the Fourth Amendment to the United States Constitution to be free of unreasonable seizure of her person by use of excessive force.

///
///
///
///
///

---

*Henderson v. City of Emeryville,* No. 4:15-cv-04973-DMR
Complaint - 5

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF PARENTAL RIGHT TO FAMILIAL RELATIONSHIP**
(By all plaintiffs as successors-in-interest to decedent YUVETTE HENDERSON against MICHELLE SHEPHERD and WARREN WILLIAMS, individually and in their official capacities)
(42 U.S.C. § 1983)

31. Plaintiffs incorporate by reference paragraphs 1 through 30 above as though fully set forth herein.

32. By virtue of the foregoing, defendants MICHELLE SHEPHERD and WARREN WILLIAMS acted under color of law when they engaged in the extrajudicial killing of decedent YUVETTE HENDERSON without lawful justification and deprived decedent of her substantive due process right under the Fourteenth Amendment of the United States Constitution to the companionship and society of and association with her children.

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF A CHILD'S RIGHT TO FAMILIAL RELATIONSHIP**
(By all plaintiffs against defendants MICHELLE SHEPHERD and WARREN WILLIAMS, individually and in their official capacities)
(42 U.S.C. § 1983)

33. Plaintiffs incorporate by reference paragraphs 1 through 32 above as though fully set forth herein.

34. By virtue of the foregoing, defendants MICHELLE SHEPHERD and WARREN WILLIAMS acted under color of law when they engaged in the extrajudicial killing of decedent YUVETTE HENDERSON without lawful justification and deprived plaintiffs of their substantive due process right under the Fourteenth Amendment of the United States Constitution to the companionship and society of and association with their mother.

///

**FOURTH CLAIM FOR RELIEF**
**FAILURE TO TRAIN**
(By all plaintiffs as successors-in-interest to decedent YUVETTE HENDERSON against defendant CITY OF EMERYVILLE)
(42 U.S.C. § 1983)

35. Plaintiffs incorporate by reference paragraphs 1 through 34 above as though fully set forth herein.

36. Defendant CITY OF EMERYVILLE failed in its obligation to adequately train its police officers to refrain from subjecting persons being detained to excessive force.

37. By virtue of the foregoing, defendant CITY OF EMERYVILLE was deliberately indifferent to the obvious consequences of its failure to train its police officers. As a result of inadequate training policies, officers employed by the CITY OF EMERYVILLE deprived YUVETTE HENDERSON of her rights, as set forth above.

**FIFTH CLAIM FOR RELIEF**
**VIOLATION OF CALIFORNIA BANE ACT**
(By all plaintiffs against all defendants)
(California Civil Code § 52.1)

38. Plaintiffs incorporate by reference paragraphs 1 through 37 above as though fully set forth herein.

39. By virtue of the foregoing, defendants CITY OF EMERYVILLE, MICHELLE SHEPHERD, and WARREN WILLIAMS interfered by threats, intimidation, or coercion with the rights of the YUVETTE HENDERSON secured by the Constitution of the United States and the Constitution of the State of California.

40. By virtue of the foregoing, all defendants acted with malice and oppression and the intent to deprive and did deprive YUVETTE HENDERSON of her rights to be free from detention using excessive force.

///

///

**SIXTH CLAIM FOR RELIEF**
**BATTERY BY A POLICE OFFICER**
(By all plaintiffs as successors-in-interest to decedent YUVETTE HENDERSON against the CITY OF EMERYVILLE and MICHELLE SHEPHERD and WARREN WILLIAMS, individually and in their official capacities)

41. Plaintiffs incorporate by reference paragraphs 1 through 40 above as though fully set forth herein.

42. By virtue of the foregoing, defendants MICHELLE SHEPHERD and WARREN WILLIAMS intentionally subjected decedent YUVETTE HENDERSON to the use of unreasonable force.

43. By virtue of the foregoing, defendant CITY OF EMERYVILLE learned that MICHELLE SHEPHERD and WARREN WILLIAMS intentionally subjected decedent to the use of unreasonable force and approved such conduct.

44. By virtue of the foregoing, defendant CITY OF EMERYVILLE is liable for the acts of its employees, MICHELLE SHEPHERD and WARREN WILLIAMS, both of whom acted within the course and scope of their employment.

**SEVENTH CLAIM FOR RELIEF**
**WRONGFUL DEATH**
(By all plaintiffs against all defendants)
(Cal. Code Civ. Proc., § 377.60)

45. Plaintiffs incorporate by reference paragraphs 1 through 44 above as though fully set forth herein.

46. By virtue of the foregoing, defendants MICHELLE SHEPHERD and WARREN WILLIAMS intentionally subjected decedent YUVETTE HENDERSON to unreasonable force, and breached their duty to not use excessive force against decedent, resulting in the death of decedent and pecuniary loss to plaintiffs.

47. By virtue of the foregoing, defendant CITY OF EMERYVILLE learned that

MICHELLE SHEPHERD and WARREN WILLIAMS intentionally subjected decedent to unreasonable force and breached their duty to not use excessive force against decedent and approved such conduct.

48. By virtue of the foregoing, defendant CITY OF EMERYVILLE is liable for the acts of its employees, MICHELLE SHEPHERD and WARREN WILLIAMS, both of whom acted within the course and scope of their employment.

## DAMAGES

49. As a result of the actions of defendants, plaintiffs have been injured and have suffered damages as follows:

   a. They have been physically, mentally, emotionally, and financially injured and damaged as a proximate result of YUVETTE HENDERSON's wrongful death, including, but not limited to, the loss of decedent's love, companionship, comfort, care, assistance, protection, affection, society, and moral support;

   b. They have incurred funeral and burial expenses;

   c. They have lost the value of financial support that decedent contributed to the family;

   d. In their capacity as successors-in-interest to decedent, they are entitled to recover for the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived.

   e. In taking the actions alleged above, defendants MICHELLE SHEPHERD and WARREN WILLIAMS engaged in conduct that was malicious, oppressive, and in reckless disregard of the rights of decedent and plaintiffs. Accordingly, plaintiffs are entitled to punitive damages against defendants MICHELLE

SHEPHERD and WARREN WILLIAMS.

WHEREFORE, plaintiffs request that this Court grant them relief as follows:

(1) General damages, in an amount to be determined;

(2) Special damages, in an amount to be determined;

(3) Punitive damages, in an amount to be determined;

(4) Reasonable attorney's fees under 42 U.S.C. § 1988;

(5) Injunctive relief;

(6) Costs of suit; and

(7) Such other and further relief as the Court may deem proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: October 29, 2015

SIEGEL & YEE

By: /s/ Dan Siegel
Dan Siegel

Attorneys for Plaintiffs
I.A. and C.S.