DAN SIEGEL, SBN 56400
EMILYROSE JOHNS, SBN 294319
SIEGEL & YEE
499 14th Street, Suite 300
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: danmsiegel@gmail.com,
emilyrose@siegelyee.com

Attorneys for Plaintiffs
I.A. and C.S.

DALE L. ALLEN, JR., State Bar No. 145279
KEVIN P. ALLEN, State Bar No. 252290
ALLEN, GLAESSNER, HAZELWOOD &
WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 697-2000
Facsimile: (415) 813-2045
Email: dallen@aghwlaw.com,
kallen@aghwlaw.com

Attorneys for Defendants
CITY OF EMERYVILLE; MICHELLE
SHEPHERD; and WARREN WILLIAMS

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.A., the minor child of YUVETTE HENDERSON, deceased, and C.S., the minor child of YUVETTE HENDERSON, deceased, by CRAIG SALMOND, as relative,<br><br>       Plaintiffs,<br><br>  vs.<br><br>CITY OF EMERYVILLE; MICHELLE SHEPHERD, individually and in her official capacity as a police officer for the City of Emeryville; and WARREN WILLIAMS, individually and in his official capacity as a police officer for the City of Emeryville; JACORA HENDERSON; DENISE HENDERSON; JOSHUA Last Name Unknown; and SHEREE Last Name Unknown,<br><br>       Defendants. | Case No. 4:15-cv-04973-DMR<br><br>**Joint Case Management Statement**<br><br><br><br><br><br><br><br><br><br><br><br>Hon. Donna M. Ryu<br><br>Case Filed: October 30, 2015<br>Trial Date: None Set |

Pursuant to this Court's January 13, 2016, Order setting a case management

conference for March 2, 1:30 p.m. in Courtroom 4, 3rd Floor, Ronald Dellums Federal Building, 1301 Clay Street, Oakland, CA 94612, the parties jointly submit this Joint Case Management Statement.  This Statement reports on the status of the case and presents proposals for the case-development process.

**1.    JURISDICTION AND SERVICE:**

Plaintiffs' claims arise under the U.S. Constitution and are brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the U.S. Constitution. The defendants are located in the Northern District of California, and all of the acts and/or omissions from which plaintiffs' claims arise occurred within the Northern District of California. This Court has jurisdiction over this matter.

Defendants City of Emeryville, Michelle Shepherd, and Warren Williams were served via their attorneys via email on November 10, 2015. The remaining defendants have not been located. Plaintiffs are in the process of locating them for service. Plaintiffs have no reasonable estimate for when this service may be effectuated. Plaintiffs worked with family members to locate Jacora and Denise to no avail. Plaintiffs hired private investigators to locate Jacora and Denise, but were not successful in locating them. Plaintiffs are working with the courts in San Diego to locate Joshua and Sheree.

**2.    FACTS:**

    **A.    The Parties**

Plaintiffs I.A. and C.S. are the living minor children of Yuvette Henderson, who was shot and killed by members of the Emeryville Police Department. Defendants Michelle Shepherd and Warren Williams are members of the Emeryville Police Department. The City of Emeryville is the municipality that oversees city agencies including the Emeryville Police Department. Defendants Jacora Henderson, Denise Henderson, Joshua Last Name Unknown, and Sheree Last Name Unknown are the adult children of Yuvette Henderson. Jacora Henderson and Denise Henderson have been estranged from the family for several years. Joshua and Sheree were removed from

Yuvette Henderson's custody when they were minors.

**B.  Plaintiffs' Statement of Facts:**

Plaintiffs are the minor children of Yuvette Henderson, deceased. On February 3, 2015, Ms. Henderson was shopping at the Home Depot on 3838 Hollis St, Emeryville, CA 94608 when she was accused of shoplifting. She was detained by a Home Depot security guard, who called the police.  While waiting for the police, Ms. Henderson suffered a head injury. She requested medical attention, which the security guard relayed to the police. She then left the store and walked west and then south, towards Extra Space Storage, 3406 Hollis St, Emeryville, CA 94608. After she left, the security guard told dispatchers that Ms. Henderson had a revolver.

Michelle Shepherd and Warren Williams of the Emeryville Police Department encountered Ms. Henderson at Extra Space Storage. Making no attempt to peacefully take her into custody or provide her medical attention for her head injury, Officer Shepherd and Officer Williams drew their service weapons, including an AR-15 assault rifle, and shot Ms. Henderson to death. Ms. Henderson had bullet wounds along the right side of her body, and her wounds were extensive given the number of shots fired and the use of an assault rifle.

**C.  Defendants' Statement of Facts:**

Ms. Henderson was stopped for shoplifting and pulled a gun on the security guards whom stopped her.  She then fled while the police were called.  As she did, she attempted to board a bus by brandishing the gun, but the driver refused to open the door.  She then tried to car jack another person, but he locked the door.  At this point the defendant officers arrived and saw her with the gun, she brandished at the officers, and they fired at her.  Officer Williams' shots struck her and she fell to the ground.  As she was lying on the street, the gun fell within arms reach.  She moved toward the gun

and Officer Williams, fearing she would recover the gun and fire at them, fired again, stopping the threat.  She died at the scene.

3.  **LEGAL ISSUES:**

 A. **Plaintiffs' Legal Issues**

- Whether probable cause or reasonable suspicion existed to seize Ms. Henderson (Fourth Amendment and Fourteenth Amendment);

- Whether defendants used excessive force against Ms. Henderson (Fourth Amendment and Fourteenth Amendment);

- Whether defendants intentionally subjected Ms. Henderson to unreasonable force and battery and whether the City of Emeryville approved of such conduct (42 U.S.C. § 1983);

- Whether defendants interfered with a familial relationship without due process of law;

- Whether defendants interfered with the constitutional rights of plaintiffs through threats, intimidation, or coercion (BANE Act, California Civil Code § 52.1);

- Whether defendants adequately trained police officers in the legal conduct of their duties (42 U.S.C. § 1983);

- Whether defendants' conduct directed at Ms. Henderson was outrageous and was intended to or in reckless disregard of causing injury to plaintiffs and did, in fact, cause harm to plaintiffs;

- Whether defendants negligently employed, supervised, trained, retained, and assigned its police officers;

- Whether defendants are responsible and liable for the wrongful death of Ms. Henderson (Cal. Code Civ. Proc., § 377.60);

 B. **Defendants' Legal Issues**

  Defendants contend that the attempts to seize and use of force was lawful

under the 4th and 14th amendment. Defendants contend that no <u>Monell</u> violations exist under the 4th and 14th amendment. Defendants contend that the death of Ms. Henderson was not the result of negligence and deny violations of the Bane Act.

**4. RECENT MOTIONS:**

None pending.

**5. AMENDMENT OF PLEADINGS:**

Plaintiffs filed an original complaint. (ECF No. 1.) There have been no amendments.

**6. EVIDENCE PRESERVATION:**

The parties have agreed to refrain from any document destruction and to cease any document destruction program of any electronic or hard-copy materials.

**7. DISCLOSURES:**

The parties have met and conferred under Federal Rule of Civil Procedure 26(f). Parties have exchanged initial disclosure statements. Plaintiffs have provided all documents referenced in the initial disclosure statement. Defendants have yet to provide any documents referenced in the initial disclosure statement.

**8. DISCOVERY:**

Discovery is ongoing.

**9. CLASS ACTIONS:**

This is not a class action.

**10. RELATED CASES:**

There are no related cases.

**11. RELIEF:**

General damages, special damages, punitive damages, reasonable attorneys' fees, injunctive relief, costs of suit; and further relief as the Court may deem proper.

**12. SETTLEMENT AND ADR:**

The parties have not pursued any settlement negotiations.

**A.     Plaintiffs' Settlement Position**

Plaintiffs are open to settlement discussions if and when parties feel that those discussions would be fruitful.

**B.     Defendants' Settlement Position**

Defendants agree with plaintiffs' position.  Defendants request that if a settlement conference is to be held, it be with a magistrate.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

The parties have consented to United States Magistrate Judge Donna M. Ryu.

**14.    OTHER REFERENCES:**

The parties do not believe the case is suitable for reference to binding arbitration, special master, or the Judicial Panel on Multi-District Litigation.

**15.    NARROWING OF ISSUES:**

At this early stage in discovery, the parties do not believe sufficient information has been exchanged to conclude whether issues in the case can be narrowed.

**16.    EXPEDITED TRIAL PROCEDURE:**

The parties do not believe this case can be handled on an expedited basis.

**17.    SCHEDULING:**

**A.     Plaintiffs' Position:**

Defendants have presented plaintiffs with 116 witnesses in initial disclosures. Plaintiffs anticipate that due to this immense number of witnesses, discovery may take longer than usual. Additionally, plaintiffs have not been provided the documents listed in defendants' initial disclosure statement. In that vein, plaintiffs make the following proposal for scheduling:

| | |
|---|---|
| Designation of experts | September 30, 2016 |
| Discovery cutoff | December 30, 2016 |
| Last day to amend pleadings | July 21, 2016 |
| Last day to hear dispositive motions | February 15, 2017 |
| Pretrial conference | March 15, 2017 |
| Trial | Plaintiffs are available for trial in April and |

| | May 2017. |
|---|---|

**B. Defendants' Position:**

Defendants believe that the case schedule is workable for the discovery issues. As for the motion practice and the trial, Defendants request later dates but are otherwise amendable to a trial date May or later due. Defendants request the opportunity to discuss further at the case management conference.

Dated: February 25, 2016

SIEGEL & YEE

By: ___/s/ EmilyRose Johns_____
EmilyRose Johns

Attorneys for Plaintiffs
I.A. and C.S.

ALLEN, GLAESSNER, HAZELWOOD, & WERTH

By: ___/s/ Dale Allen_____
Dale Allen

Attorneys for Defendants
City of Emeryville, Michelle Shepherd, Warren Williams